Slip Op. **15-129**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>          Defendant. | Before: Mark A. Barnett, Judge<br><br>Court No. 15-00047 |

MEMORANDUM AND ORDER

[The court finds that Plaintiff has stated a claim upon which relief can be granted. Accordingly, the court denies Defendant's motion to dismiss.]

Dated: November 16, 2015

*Monica P. Triana*, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY for plaintiff. With her on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Joyce R. Branda*, Acting Assistant Attorney General, and *Amy M. Rubin*, Assistant Director. Of Counsel on the brief was *Suzanna Hartzell-Ballard*, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

*Barry M. Boren* of Miami, FL, and *Gerson M. Joseph* of Weston, FL, for defendant.

Barnett, Judge:  The United States of America ("United States" or "Plaintiff") brings this action against Great American Insurance Company of New York ("GAIC" or "Defendant") to recover $50,000 in unpaid antidumping duties and interest, the limit on a continuous entry bond that GAIC issued, plus pre- and post- judgment interest, including but not limited to statutory interest pursuant to 19 U.S.C. § 580, as well as equitable interest. *See generally* Compl., ECF No. 2. Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to

USCIT Rule 12(b)(5) (hereafter, Rule 12(b)(6)).[1]  *See generally* Mot. to Dismiss ("MTD"), ECF No. 12.  The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1582.  The parties have fully briefed the motion, and the court finds that no hearing is necessary.  For the reasons discussed herein, the court denies Defendant's motion.

## BACKGROUND AND PROCEDURAL HISTORY

In 2003, GAIC issued a continuous entry bond in the amount of $50,000 as the surety for Orleans Furniture, Inc. ("Orleans Furniture").  The bond covered Orleans Furniture's entries of merchandise between August 22, 2003 and August 31, 2007.  Compl. ¶¶ 1, 4 & Ex. A (Bond).

On June 5, 2006, Orleans Furniture made one entry[2] of wooden bedroom furniture from the People's Republic of China at the customs port in Memphis, Tennessee.  *Id*. ¶ 6.  The entry was subject to an antidumping duty order and Plaintiff paid a cash deposit rate of 6.65% *ad valorem* which was the separate rate in effect at that time.  Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 2, ECF No. 20; *see Wooden Bedroom Furniture from the People's Republic of China,* 70 Fed. Reg. 329 (Dep't Commerce Jan. 4, 2005) (notice of amended final determination of sales at less than fair value and antidumping duty order).  Accordingly, liquidation of this entry was suspended pending the Department of Commerce's ("Commerce") administrative review of the order.  Compl. ¶ 7.  Commerce published the final results of the

---

[1] USCIT Rule 12(b)(5) was renumbered to 12(b)(6), effective July 1, 2015 and without any substantive change to the rule. Hereafter, this Slip Opinion will refer to the rule in its current numbering format, as Rule 12(b)(6).
[2] Entry No. 322-5581818-2.

administrative review on August 20, 2008, and the suspension of liquidation was lifted. *Id*. ¶ 8. Pursuant to the final results of the administrative review, the antidumping duty rate applicable to the entry was 216.01% (the PRC-wide rate). *Wooden Bedroom Furniture from the People's Republic of China,* 73 Fed. Reg. 49,162 (Dep't Commerce Aug. 20, 2008) (final results of antidumping duty administrative review and new shipper review).

Customs took no action to liquidate the entry such that, on February 20, 2009, the entry was deemed liquidated pursuant to 19 U.S.C. § 1504(d). Compl. ¶ 9. Customs provided bulletin notice of the deemed liquidation on December 18, 2009, *id*. ¶ 10, and reliquidated the entry on January 8, 2010, at the rate determined in the final results of the administrative review, with $60,336.14 owing from the importer, *id*. ¶ 11.

Orleans Furniture filed a protest of Customs' reliquidation on February 4, 2010 and requested accelerated disposition of the protest. *Id*. The protest was deemed denied thirty days later, on March 6, 2010. *Id*. ¶ 12. GAIC did not protest Customs' reliquidation of the entry, and neither GAIC nor Orleans Furniture filed suit to contest the deemed denial of Orleans Furniture's protest. *Id*.

Customs mailed its first demand for payment to GAIC on April 27, 2010, and made several other demands thereafter. *Id*. ¶ 13 & Ex. C (First Demand). GAIC has not, to date, made payment to cover the unpaid antidumping duties and interest. *Id*. ¶ 15. Consequently, the United States filed this lawsuit on February 19, 2015. *See* Summons, ECF No. 1. GAIC moved to dismiss the case on May 11, 2015, for failure to state a claim upon which relief can be granted. *See generally* MTD. GAIC argues that

the court should dismiss this case because Customs lacked authority to reliquidate the entry and, alternatively, failed to reliquidate the entry within the timeframe prescribed by the applicable statute and regulation. *Id*. The United States contends that GAIC's arguments contradict the plain language of the relevant statute and regulation. *See generally* Pl.'s Opp'n.

## STANDARD OF REVIEW

When reviewing a motion to dismiss for failure to state a claim, "any factual allegations in the complaint are assumed to be true and all inferences are drawn in favor of the plaintiff." *Amoco Oil Co. v. United States*, 234 F.3d 1374, 1376 (Fed. Cir. 2000); *see generally* USCIT R. 12(b)(6). A court may properly dismiss a case under Rule 12(b)(6) only if the plaintiff's allegations of fact are not "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). At the same time, a complaint's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

## DISCUSSION

### I. Reliquidation of Deemed Liquidations

#### A. Parties' Contentions

GAIC argues that Customs lacked the authority to reliquidate the entry at issue in this case because the relevant statute, 19 U.S.C. § 1501, does not permit Customs to

reliquidate entries that are liquidated by operation of law. MTD at 9-10, 13-17. Citing Federal Circuit precedent, it contends that such deemed liquidations permanently fix the liability of the importer and surety. *Id*. (citing *United States v. Cherry Hill Textiles,* 472 F.3d 1550 (Fed. Cir. 1997). The United States disputes GAIC's contention. *See generally* Pl.'s Opp'n. It avers that the case law GAIC relies upon is either distinguishable or has been overturned by intervening revisions to the statute by Congress. *Id.* at 6-7.

### B.    Legal Framework

19 U.S.C. § 1504 governs limitations on liquidation of entries of merchandise. Generally, entries for consumption that are not otherwise extended (pursuant to § 1504(b)) or suspended through court order or statute, are deemed liquidated by operation of law "at the rate of duty, value, quantity, and amount of duties asserted by the importer of record" one year after the date of entry. 19 U.S.C. § 1504(a). Suspension of liquidation of entries may be continued by court order or Commerce administrative review. 19 U.S.C. §§ 1675(a)(1) and 1516a(c)(2). Upon conclusion, Commerce publishes the final results of its administrative review in the Federal Register, and provides notice to Customs that the suspended entries may now be liquidated, along with the importer-specific liquidation rates. *See Int'l Trading Co. v. United States*, 281 F.3d 1268, 1275 (Fed. Cir. 2002).[3] The statute provides for this

---

[3] "For some of the same reasons that publication of the final results [of an administrative review] removes the suspension of liquidation, publication also provides notice of the removal to Customs. Publication in the Federal Register is a familiar manner of providing notice to parties in antidumping proceedings." *Int'l Trading*, 281 F.3d at 1275.

liquidation to take place within six months of Customs "receiving notice of the removal [of such suspension] from the Department of Commerce." 19 U.S.C. § 1504(d). Further, "any entry . . . not liquidated by the customs service within 6 months after receiving such notice" is liquidated by operation of law "at the rate of duty, value, quantity, and amount of duty asserted by the importer of record." *Id*.

> Section 1501 governs reliquidation of entries previously liquidated. Specifically,
>
> [a] liquidation made in accordance with section 1500 or 1504 . . . or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by the Customs Service . . . within ninety days from the date on which notice of the original liquidation is given or transmitted to the importer.

19 U.S.C. § 1501. On its face, the statute contemplates reliquidation of entries that are deemed liquidated (or liquidated by operation of law), regardless of whether the deemed liquidation occurred pursuant to § 1504(a) or (d). It is worthwhile to note that 19 U.S.C. § 1501 was amended in 2004 specifically to allow for reliquidation of entries initially liquidated pursuant to § 1504, *i.e.* deemed liquidations. Prior to 2004, only entries liquidated pursuant to §1500 could be reliquidated by Customs. Since the events of this case all took place after 2004, it is the current version of the statute that governs Customs ability to liquidate and reliquidate the entries in question.[4]

---

[4] The reference to §1504 was added to §1501 in the Miscellaneous Trade and Technical Corrections Act of 2004 and the amendment was made effective as to "merchandise entered, or withdrawn from warehouse for consumption, on or after the 15th day after the date of the enactment of this Act." Miscellaneous Trade and Technical Corrections Act of 2004, Pub. L. No. 108-429, § 2108, 118 Stat. 2434, 2598 (2004).

### C.    Analysis

GAIC contends that reading 19 U.S.C. § 1501 to allow for reliquidation of deemed liquidations defeats the intent of § 1504 to provide finality for importers.  MTD at 15-17.  GAIC suggests that the two provisions may be reconciled, however, if 19 U.S.C. § 1501 is read to permit reliquidation only of entries timely liquidated pursuant to § 1504.  *Id.* at 17-18.  Thus, the Court understands GAIC to suggest that § 1501 would permit reliquidation of entries liquidated pursuant to the first sentence of § 1504(d), but not the second sentence of § 1504(d).  Otherwise, GAIC avers there is an "inherent conflict" in applying § 1501 to deemed liquidations given Congress' "express intent [in adopting § 1504] . . . to place a limit on the period within which importers and sureties would be subject to the prospect of liability for a CBP entry."  *Id*.

The Court finds GAIC's argument unpersuasive.  First, as a matter of statutory interpretation, the Court starts with the language of the statute and when that language is plain and unambiguous, the inquiry ends there.  *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there . . . .  When the words of a statute are unambiguous, then . . . judicial inquiry is complete.") (internal citations omitted); *see also, Chevron, U.S.A., Inc. v. Nat'l Resources Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.").  GAIC, to the contrary, would have legislative history limit, if not out-right contradict, the plain language of the statute.

Moreover, if Congress had intended to permit reliquidation only of timely liquidations pursuant to the first sentence of §1504(d), it could easily have so specified. *Conn. Nat'l Bank,* 503 U.S. at 253-54. Since it did not, the court cannot read such a limitation into the statute.

Furthermore, the legislative history to which GAIC refers relates to the pre-2004 version of the statute. Prior to the 2004 amendment, § 1501 only provided for reliquidation of liquidations made pursuant to § 1500. In 2004, Congress specifically added the reference to § 1504 into § 1501 of the statute, thus allowing Customs to reliquidate so-called deemed liquidations. GAIC offers no support for its suggestion that the legislative history relating to the pre-2004 version of the statute can or should be used to defeat the express language of the 2004 amendment. Plainly, in amending the statute expressly to permit reliquidation of entries deemed liquidated, Congress altered the period prior to which it provided finality to importers.[5] And while finality may be

---

[5] Although there is no legislative history explaining Congress' reasoning for amending § 1501, the amendment had the effect of allowing Customs to address deemed liquidations that occur at the cash deposit rate whether higher or lower than the results of a Commerce administrative review. In 2002, not long before the amendment, the Federal Circuit had decided two cases which held that the six month period for deemed liquidation begins to run when Commerce publishes its notice pursuant to 19 U.S.C. § 1516a(c)(1), notwithstanding the fact that the notice contains insufficient information to permit Customs to liquidate the covered entries. *See Fujitsu Gen. Am., Inc., v. United States*, 283 F.3d 1364, 1382 (Fed. Cir. 2002); *Int'l Trading* at 1275. If the deemed liquidation thus resulted in an under-collection of antidumping duties, domestic interested parties in the antidumping case did not have a mechanism to protest the liquidation. *Cemex, S.A. v. United States,* 384 F.3d 1314, 1322-23 (Fed. Cir. 2004). As later confirmed by the Federal Circuit, the deemed liquidation provision did not, however, constrain importers from protesting the liquidation to obtain the benefit of a lower rate resulting from an administrative review and judicial review thereof despite a deemed liquidation pursuant to § 1504. *Koyo Corp. of U.S.A. v. United States*, 497 F.3d

delayed, the delay is not interminable. The statute allows Customs the same period of time to reliquidate an entry that is deemed liquidated as any other entry – "ninety days from the date on which notice of the original liquidation is given or transmitted to the importer, his consignee or agent." 19 U.S.C. § 1501. Once that timeframe has run, importers enjoy the finality which GAIC seeks.

GAIC relies on the Federal Circuit decision *Cherry Hill*, for the proposition that deemed liquidation permanently fixes a surety and importer's liability. The *Cherry Hill* decision, however, predates the 2004 statutory amendment. As the Federal Circuit explained in a subsequent case, the *Cherry Hill* decision

> construed an older version of § 1501 which provided only for reliquidation of entries originally liquidated under § 1500, unlike the current statute, which permits reliquidation of 'a liquidation made in accordance with section 1500 or 1504.' Since § 1504(d) is the deemed liquidation provision, it follows that deemed liquidations are subject to reliquidation by Customs.

*Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1362 n.26 (Fed. Cir. 2006) (citations omitted). Given that the events in the case at bar took place after the statutory changes went into effect, the court is bound by the language in *Norsk Hydro* rather than *Cherry Hill*.[6]

GAIC also quotes *Koyo Corp. v. United States*, 497 F.3d 1231 (Fed. Cir. 2007), to suggest that Customs may not reliquidate a deemed liquidation. The *Koyo* court

---

1231, 1242-43 (Fed. Cir. 2007). Regardless of congressional motivation, the Court is bound by the clear language adopted by Congress.

[6] Two other cases that GAIC cites also predate the revisions to 19 U.S.C. § 1501. *See, Wolff Shoe Co. v. United States*, 141 F.3d 1116 (Fed. Cir. 1998); *Dal-Tile Corp. v. United States*, 17 CIT 764, 829 F. Supp. 394 (1993).

stated, "[a] deemed liquidation under 19 U.S.C. § 1504(d) is final only in so far as Customs cannot liquidate the entries at any other rate than the rate provided under § 1504(d)," such that "Customs can only assess the duty rate that is assessed on the entries at the time of entry." *Koyo,* 497 F.3d at 1237. First, the court in *Koyo* was examining entries that occurred in 1990 and 1991, long before the effective date of the 2004 amendment to § 1501. Second, GAIC misreads the context and import of this language. Notwithstanding the quoted language, in its holding, the Federal Circuit rejected the government's argument that the deemed liquidation permanently fixed the duty rate, finding that the importer's statutory right to protest the deemed liquidation within 90-days was not cut off by the deemed liquidation.[7] Similarly, here, Customs has a statutory right to reliquidate a deemed liquidation within the 90 day period set in 19 U.S.C. § 1501 and nothing in the statute suggests that such a right is cut off by a deemed liquidation. In fact, Congress' amendment of § 1501 to add the reference to § 1504 serves to confirm a contrary intent. In the year following the *Koyo* decision, the Federal Circuit further underlined Customs ability to reliquidate a deemed liquidation *sua sponte*, stating that, while

---

[7] The *Koyo* court explained, in relevant part:
> [t]he government . . . contends that our case law supports its argument that a deemed liquidation is inherently conclusive, final, and binding on all parties in that it cannot be protested by an importer and that the rate of duty asserted by the importer at entry is the only duty rate that can ever be assessed to entries once the entry has been deemed liquidated by operation of § 1504(d). The government is mistaken. None of the holdings in the cases cited by the government decided or relied on whether an importer can protest an adverse deemed liquidation.

*Koyo,* 497 F.3d at 1238.

> [a] liquidation decision itself is "final and conclusive" as to all parties, including the United States, unless protested with Customs . . . even if the liquidation contains a "clerical error, mistake of fact, or other inadvertence." . . . other remedies for liquidation errors exist. Customs may *sua sponte* reliquidate an entry, including an entry "deemed liquidated," within 90 days of its giving notice of the original liquidation to the importer.

*Norsk Hydro*, 472 F. 3d at 1352 (citing 19 U.S.C. § 1501). The court therefore rejects GAIC's argument that the deemed liquidation was inherently conclusive, final, and binding as to the rate assessed on the entry at issue, and holds that Customs had statutory authority to reliquidate the entry, pursuant to 19 U.S.C. § 1501.

## II.    Timing and Notice of Reliquidation

### A.    Parties' Contentions

GAIC raises several arguments challenging the timeliness of Customs' reliquidation of the entry. Assuming arguendo that Customs had the right, pursuant to § 1501, to reliquidate an entry that was deemed liquidated, GAIC contends that Customs did not, in fact, reliquidate the entry in a timely manner (*i.e.* within 90 days). MTD at 9-10. The essence of GAIC's argument has to do with what it considers proper notice of a deemed liquidation. According to GAIC, proper notice is not the bulletin notice posted by Customs regarding the deemed liquidation, but rather the date of the deemed liquidation itself, and that it is this date that starts the 90-day clock for reliquidation. This is because, in GAIC's reading of the relevant statute and regulations, Customs is not required to provide notice of a deemed liquidation. Great Am. Ins. Co. of N.Y.'s Reply in Supp. of its Mot. to Dismiss ("Def.'s Reply"), at 8, ECF No. 25. As such, and because a deemed liquidation occurs by operation of law, GAIC argues that notice

of a deemed liquidation is "constructive" and can be inferred by calculating six months from the date the suspension is lifted.  Relying on its theory of constructive notice, GAIC then contends that Customs' reliquidation was untimely because it took place on January 8, 2010, nearly 11 months after the deemed liquidation pursuant to § 1504(d). MTD at 9. The United States rejects GAIC's argument.  It avers that the plain language of 19 U.S.C. § 1501 permits Customs to reliquidate a deemed liquidation within 90 days of the notice being given or transmitted to the importer, not within 90 days of the deemed liquidation, constructive notice, or any other triggering event.  Pl.'s Opp'n. at 6-8.  Further, the United States argues that while the statute does not require Customs to provide notice of a deemed liquidation, the agency is not precluded from providing such notice.  *Id*. 6-8.

    B.    **Legal Framework**

The plain language of § 1501 provides that Customs may reliquidate a deemed liquidation  "within ninety days from the date on which notice of the original liquidation is given or transmitted to the importer" and that "[n]otice of such reliquidation shall be given or transmitted in the manner prescribed with respect to original liquidations under section 1500(e)."  19 U.S.C. § 1501.  Notice may be provided "in such form and manner as the Secretary shall by regulation prescribe."  19 U.S.C. § 1500(e).  The applicable regulation indicates that a bulletin notice shall provide notice of entries liquidated by operation of law.  19 C.F.R. § 159.11 ("Notice of liquidation will be given on a bulletin notice of liquidation . . . as provided in §§ 159.9 and 159.10(c)(3).").  Further, the regulation directs Customs to post the bulletin notice of liquidation "within a reasonable

period after each liquidation by operation of law" and to date it "as of the date of expiration of the statutory period." 19 C.F.R. § 159.9(c)(2)(ii).

## C.　Analysis

GAIC argues that it is the date of deemed liquidation (and the date on the notice of the deemed liquidation) that triggers the 90-day clock for reliquidation. MTD at 12-13. According to GAIC, that date was February 20, 2009,[8] the date the entry was deemed liquidated. *Id.* at 13. Running from that date, the 90-day reliquidation period would have expired on May 21, 2009,[9] long before Customs reliquidated the entry on January 8, 2010. *Id.* at 13. However, the statute is clear that it is the date the notice was transmitted that starts the clock on reliquidation and Customs has 90 days from the date the notice of deemed liquidation is transmitted to reliquidate the entry. 19 U.S.C. § 1501; *see also Norsk Hydro Can.*, 472 F.3d at 1352 ("Customs may *sua sponte* reliquidate an entry, including an entry 'deemed liquidated,' within 90 days of its giving notice of the original liquidation to the importer."); *LG Electronics, U.S.A., Inc. v. United States*, 21 CIT 1421, 1430, 991 F. Supp. 668, 676 (1997) ("Where a liquidation has occurred by operation of law, notice starts the clock for the protest period, 19 C.F.R. § 159.9(c)(2)(iii)."). The date on the bulletin notice serves to inform the importer of the

---

[8] GAIC misstates the date of deemed liquidation as February 10, 2009 in the relevant sections of its Motion to Dismiss. As noted in the Complaint, ¶ 9, the date that deemed liquidation took place is February 20, 2009.
[9] GAIC also misstates the date the 90-day period of reliquidation would have expired if counted from the deemed liquidation date. Ninety days from February 20, 2009 is May 21, 2009.

date of deemed liquidation and is not the same as the date that Customs provides bulletin notice.  *See LG Electronics*, 21 CIT at 1430, 991 F. Supp. at 676-77.

GAIC avers that Customs did not post the bulletin notice "within a reasonable period" after the deemed liquidation, as required by 19 C.F.R. § 159.9(c)(2)(ii), because Customs posted the notice on December 18, 2009, ten months after the deemed liquidation.  MTD at 10, 12-13.  Although it is unsettled how long a period between a deemed liquidation and posting of bulletin notice would be unreasonable, the Court cannot conclude, based on the facts before it for the purposes of this motion to dismiss, that Customs unreasonably delayed posting the bulletin notice in this case.  A ten-month period may, in fact, be an abnormally or prejudicially long period to wait for the posting of a bulletin notice, or it may be a typical and appropriate timeframe between a deemed liquidation and posting of the bulletin notice.  One of the cases GAIC cites, for example, involved entries that were deemed liquidated more than twelve months before Customs posted the relevant bulletin notices, and the court did not find this to be an unreasonable period.  *See Koyo*, 497 F.3d at 1240.  Consequently, the Court cannot conclude, as a matter of law, that the ten month period in this case is unreasonable.

Taking the facts in the Complaint to be true, as required on a motion to dismiss, the entry was deemed liquidated on February 20, 2009; Customs provided bulletin notice of this liquidation on December 18, 2009; and Customs reliquidated the entry on January 8, 2010, well within 90 days of issuing the bulletin notice.  The court therefore denies Defendant's motion to dismiss.

### CONCLUSION AND ORDER

For the foregoing reasons, the court hereby:

**ORDERS** that Defendant's Motion to Dismiss (ECF No. 12) is DENIED.

The Court will contact parties to schedule a teleconference to discuss next steps.

/s/     Mark A. Barnett
Mark A. Barnett, Judge

Dated: November 16, 2015
         New York, New York